United States District Court
Middle District of Florida
Jacksonville Division

OREO ASSET HOLDINGS, LLLP,

> *Plaintiff,*

v.                                                  No. 3:18-cv-423-J-34PDB

SAN MIGUEL MANAGEMENT, LP,

> *Defendant.*

# Order

On January 28, 2019, counsel presented arguments on discovery motions, and, for the reasons stated on the record and briefly summarized here, the Court decided the motions. Docs. 28, 29, 34.

The Court **denied** the defendant's motion to compel amended damages disclosures under Federal Rule of Civil Procedure 26(a)(1)(A). Doc. 28. Since the filing of the motion, the plaintiff amended its disclosures. Both sides must supplement discovery as required by Rule 26(e)(1)(A) or risk sanctions under Rule 37(c).[1]

---

[1]Under Rule 26(a)(1)(A), a party must, without awaiting a discovery request, provide the other parties (1) "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" and (2) "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i)–(ii).

Under Rule 26(e)(1)(A), a "party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission— must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

The Court **granted** the defendant's motion to compel better responses to interrogatories and requests for production, Doc. 29, to the extent the Court ordered the plaintiff, by February 18, 2019, to provide amended responses to the defendant's first set of interrogatories and first request for production that include substantive responses devoid of argument and boilerplate and irrelevant objections.[2]

The Court **denied** the plaintiff's motion to compel documents (and, to the extent it could be interpreted as such, motion for sanctions for spoliation of those documents). Doc. 34. Additional discovery is needed to determine what documents existed and, if any existed, what happened to them.

Considering Rule 1,[3] as an alternative to filing additional discovery motions, the parties may contact Angela Loeschen at (904) 549-1950 to schedule a discovery conference if further issues arise.

**Ordered** in Jacksonville, Florida, on February 25, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

Under Rule 37(c), if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead," the court, after providing an opportunity to be heard, may "impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(C).

[2]Under Rule 33(b)(3) and (4), "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and the "grounds for objecting to an interrogatory must be stated with specificity." Under Rule 34(b)(2)(B) and (C), for each category of documents in a request for production, "the response must … state with specificity the grounds for objecting to the request, including the reasons," and "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."

[3]Under Rule 1, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

c:      Counsel of record